UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARTIN FERNANDEZ,　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:
　　　　　　Petitioner,　　　　　　　　　　　:　　Civ. No. 15-3492 (RBK)
　　　　　　　　　　　　　　　　　　　　　:
　　　v.　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:　　**OPINION**
JORDAN HOLLINGSWORTH,　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:
　　　　　　Respondent.　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:

**ROBERT B. KUGLER, U.S.D.J.**

## I.　　INTRODUCTION

Petitioner is a federal prisoner currently incarcerated at F.C.I. Fort Dix in Fort Dix, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On June 1, 2015, this Court administratively terminated this action as petitioner had neither paid the filing fee nor submitted an application to proceed *in forma pauperis*. On July 16, 2015, this Court received petitioner's $5.00 filing fee. Therefore, the Clerk will be ordered to reopen this case.

For the following reasons, the habeas petition will be summarily dismissed.

## II.　　BACKGROUND

Petitioner received an incident report at F.C.I. Fort Dix for use of a cell phone for abuses other than illegal activity. Forty days of good conduct time credit was ultimately disallowed from petitioner after the hearing examiner found that petitioner had committed the offense (amongst other sanctions). Petitioner's appeal to the Regional Office was denied as untimely.

Petitioner argues in his federal habeas petition that he be allowed to utilize the appeal process. He claims that the mail was delivered after the due date making it impossible for him to respond.

### III.     STANDARD FOR *SUA SPONTE* DISMISSAL

With respect to screening the instant petition, 28 U.S.C. § 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

As petitioner is proceeding *pro se,* his petition is held to less stringent standards than those pleadings drafted by lawyers. *See Rainey v. Varner,* 603 F.3d 189, 198 (3d Cir.2010) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions.") (internal quotation marks and citation omitted); *United States v. Otero,* 502 F.3d 331, 334 (3d Cir.2007) ( "we construe pro se pleadings liberally.") (citing *Haines v. Kerner,* 404 U.S. 519, 520 (1972)). Nevertheless, "a district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" *Lonchar v. Thomas,* 517 U.S. 314, 320 (1996).

### IV.     DISCUSSION

Prisoners are guaranteed certain due process protections when a prison disciplinary proceeding may result in the loss of good time credits. *See Wolff v. McDonnell*, 418 U.S. 539, 564-65 (1974). Challenges "to a disciplinary action that resulted in the loss of good-time credits, is properly brought pursuant to § 2241, as the action could affect the duration of a prisoner's sentence." *See Queen v. Miner*, 530 F.3d 253, 254 n.2 (3d Cir. 2008) (per curiam) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632

(2d Cir. 2001); *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 758-59 (3d Cir. 1996)). The due process protections afforded an inmate must include:  (1) a written notice of the charges at least twenty-four hours prior to a hearing; (2) an opportunity to call witnesses and present evidence in his defense; (3) an opportunity to receive assistance from an inmate representative; (4) a written statement of the evidence relied on and the reasons for the disciplinary action; and (5) appearing before an impartial decision making body. *See Crosby v. Piazza*, 465 F. App'x 168, 171-72 (3d Cir. 2012) (per curiam) (citing *Wolff*, 418 U.S. at 563-71). Additionally:

> "[R]evocation of good time does not comport with the minimum requirements of procedural due process unless the findings of the prison disciplinary board are supported by some evidence in the record." *Superintendent v. Hill*, 472 U.S. 445, 454 (1985) (internal quotation marks and citation omitted). This standard is minimal and does not require examination of the entire record, an independent assessment of the credibility of witnesses, or a weighing of the evidence. *See Thompson v. Owens*, 889 F.2d 500, 502 (3d Cir. 1989). Rather, the relevant inquiry asks whether "there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

*Lang v. Sauers*, 529 F. App'x 121, 123 (3d Cir. 2013) (per curiam).

In this case, petitioner seeks to have this Court grant him habeas relief so that he can utilize the appeal process on his disciplinary proceeding. Thus, he is challenging the administrative appeal procedure on his prison disciplinary proceeding. However, petitioner is not entitled to federal habeas relief on this claim as "the right to appeal disciplinary convictions is not within the narrow set of due process rights delineated in *Wolff*[.]" *Drummond v. Iwaskowicz*, No. 14-0976, 2015 WL 452361, at *3 (D. Del. Jan. 15, 2015) (citing *Garfield v. Davis*, 566 F. Supp. 539, 556-57 (E.D. Pa. 1983); *Greer v. DeRobertis*, 568 F. Supp. 1370 (N.D. Ill. 1983)); *see also Miller v. Brown*, No. 07-2020, 2007 WL 1876506, at *7 (D.N.J. June 26, 2007).

Therefore, the Court will summarily dismiss the habeas petition as the habeas petition does not state a claim that would entitle petitioner to federal habeas relief. *Accord Rizo v. Pugh*, No. 12-1798, 2013 WL 774558, at *4 (N.D. Ohio Feb. 26, 2013) (denying § 2241 habeas petition as petitioner cannot allege any due process right to an administrative appeal).

## V.    CONCLUSION

For the foregoing reasons, the habeas petition will be summarily dismissed. An appropriate Order will be entered.


DATED:  July 27, 2015

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge
